[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15389
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:05-cr-00346-TJC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMARA JUWARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 23, 2012)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Amara Juwara appeals the revocation of his supervised release, 18 U.S.C.

§ 3583(e)(3). On appeal, Juwara argues that, at his revocation hearing, the district court erred by admitting hearsay statements into evidence without making a specific finding of reliability.

We review a district court's evidentiary decisions for abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001). A district court's revocation of supervised release is also reviewed under an abuse of discretion standard. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994).

The facts leading to Juwara's revocation involved an altercation between Juwara and his ex-girlfriend, Lashondra Ardley. At Juwara's revocation hearing, Officer Tamora Anne Thompson testified that she responded to a call from Ardley concerning an assault and a stay away injunction violation, in which Juwara physically assaulted Ardley. Officer Thompson testified that Ardley explained that she awoke around 8:00 a.m., saw Juwara, standing over her, and that he started slapping and hitting her in the head and the back. Ardley rolled over to avoid being hit, but Juwara grabbed her because he wanted her to look at some text messages that he had found on her phone. Officer Thompson testified that, when she arrived at the scene, Ardley had a scratch mark on her chest and redness and bruising on the top portion of her breast. Officer Thompson further testified that Ardley had told her about an incident that occurred the previous night, in

2

which Juwara hit Ardley in the face, grabbed her purse, took her phone out of her purse, kept both items, and left the area.

The defense objected to Officer Thompson's testimony on hearsay and confrontation grounds because Ardley had not yet testified. The court indicated, however, that it would permit the hearsay testimony, as the hearing was a violation proceeding. The court then stated:

> [w]ell, I'm told the victim is going to be here. And I'm–I'm not hearing anything that would give me pause on reliability at this moment. So I'm going to consider it at this point. I can always disallow it at a later point if I decide that it's not viable. So I'm going to overrule your objection.

Ardley ultimately testified, and her testimony, as well as the testimony of another officer, corroborated Thompson's testimony.

The Federal Rules of Evidence do not apply to supervised release revocation hearings, but hearsay statements must nevertheless be reliable. *Frazier*, 26 F.3d at 113-14. When determining whether to consider hearsay statements in the context of revocation proceedings, courts must generally balance "the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* Here, Juwara's confrontation rights were exercised when Ardley ultimately testified at the revocation proceeding, and was extensively cross-examined by the defense. Furthermore

3

although the district court should generally make findings regarding the reliability of hearsay evidence, its failure to do so "does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." *United States v. Gordon*, 231 F.3d 750, 761 (11th Cir. 2000). We do not need to reverse or remand in this case, as there are sufficient indicia of the statements' reliability in the record, including the testimony of the complaining witness herself and the testimony another officer.

**AFFIRMED.**